IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LEROY CLAYTON GRAY | § | |
| | § | |
| Plaintiff | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| | § | Complaint |
| LEXISNEXIS RISK | § | |
| SOLUTIONS INC. | § | |
| | § | |
| Defendant | § | Demand for Jury Trial |
| | § | |
| | § | |
| | § | |

## COMPLAINT

COMES NOW the Plaintiff, LEROY CLAYTON GRAY, (hereinafter the "Plaintiff"), by Counsel, Dennis McCarty, and for his complaint against the Defendant, alleges as follows:

## PRELMINARY STATEMENT

1. This an action for actual, punitive and statutory damages, costs, and attorney's fees pursuant to 15 USC §1681 et seq. (Federal Fair Credit Reporting Act)

## JURISDICTION

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

## VENUE

1

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the property that is subject to this action is located, in this Judicial District.

## PARTIES

4. Plaintiff is a natural person and is a resident and citizen of Tarrant County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LexisNexis") is a foreign For-Profit Corporation registered to do business in Texas. Defendant is a "consumer reporting agency", as defined 15 U.S.C §1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties, and may be served through its registered agent.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7. Plaintiff's credit report was pulled in connection with his application for a mortgage builder's loan. That credit report revealed a judgment filed by Community Management Association. The judgment did not belong to Plaintiff. The lender's Underwriter would not approve the loan with the unpaid judgment being reported against Plaintiff.

8. Plaintiff, by and through his attorney, and pursuant to the FCRA sent a detailed dispute letter to LexisNexis requesting they reinvestigate the judgment that was being inaccurately reported on Plaintiff's credit report.

9. Plaintiff's dispute letter notified Defendant that the information was inaccurate and had stopped the approval process for the Plaintiff's home building loan. Defendant was given a deadline for loan approval as October 4, 2018 and was running out of time for the improperly reported judgment to be corrected.

10. On September 10, 2018 LexisNexis sent a response to Plaintiff regarding the reinvestigation prompted by the dispute letter sent by Plaintiff to Community Management Association. LexisNexis responded that they had verified that their "Lawsuits, Civil Filings, Judgments and Lien Records are accurate based on your dispute".

11. LexisNexis failed to conduct a reasonable investigation into Plaintiff's dispute.

12. On September 15, 2018 Defendant suffered a stroke. The stresses of having a false judgment assigned to him by LexisNexis and reported to his credit lender, as well as all future creditors, and the high probability of his loan falling through, proved to be too much for him.

13. Plaintiff could wait no longer for correction to his credit report after the stroke, so on September 17, 2018 he paid the judgment in full in order to remove it as the only obstacle to approval of his building loan.

14. Plaintiff's lender obtained a court document stating the judgment was satisfied and provided it to the Underwriter. Plaintiff had to pay a judgment he did not owe and

that did not belong to him in order to close his loan on October 5, 2018.

15. LexisNexis did not follow reasonable procedures to assure maximum possible accuracy and continued to report false and inaccurate information even after it had known or should have known the information was incorrect.

16. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. This information was gathered and reported by LexisNexis, misrepresenting the payment history and/or status of Plaintiff's repayment history.

17. Because of the actions of LexisNexis, Plaintiff's credit score has been negatively affected.

18. Because of this, the Plaintiff has suffered damages and future damages that have yet to be determined.

19. Plaintiff's credit reports, credit information and file formulated by LexisNexis have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and reported by LexisNexis and is continuing to damage the Plaintiff's credit rating.

20. As a result of LexisNexis's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

21. As a result of LexisNexis's conduct, Plaintiff has suffered actual damages, all to Plaintiff's great detriment and loss.

22. At all times pertinent hereto, Defendant LexisNexis was acting by and through its agents, servants, and/or employees who were acting within the course and scope of

their agency or employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of the Defendant LexisNexis, as well as that of their agents, servants and/or employees, demonstrated reckless disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

24. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

25. Plaintiff's suit is based upon the Defendant's violation of the Fair Credit Reporting Act (FCRA).

### COUNT I—VIOLATION OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

27. This lawsuit is brought against Defendant LexisNexis because the damages on which it is based were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendant did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, statutory damages and reasonable attorneys fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

    (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
>
> (2) such amount of punitive damages as the court may allow; and
>
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
>
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

28. LexisNexis violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute.

29. Plaintiff disputed information regarding the alleged judgment by and through his attorney, disputing the inaccurately reported judgment that was being reported on Plaintiff's credit report.

30. Plaintiff received the results from LexisNexis regarding his dispute informing him that they verified the account and would continue to report the inaccurate information.

31. LexisNexis had the opportunity to conduct a reasonable, good faith investigation into Plaintiff's dispute of the inaccurately reported judgment. If LexisNexis would have conducted a reasonable investigation from the beginning, they

6

should have determined that they had gathered inaccurate data, which did not belong on Plaintiff's credit report. The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(A) reads:

a) Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

32. LexisNexis should have discovered the misleading information if they would have provided a good faith reasonable investigation.

33. LexisNexis violated 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

34. If LexisNexis would have followed reasonable procedures to assure maximum accuracy, LexisNexis would not have continued reporting a false and inaccurate judgment to Plaintiff's credit report after being notified of the inaccuracy, which caused him damage.

Under 15 U.S.C. §1681e(b) reads:

(b )Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum

7

       possible accuracy of the information concerning the individual about whom the report relates.

35. The conduct of LexisNexis was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

36. As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

37. As a result of Defendants conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

38. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

39. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. §1681

b. Statutory damages pursuant to 15 U.S.C. §1681

c. Punitive damages pursuant to 15 U.S.C. §1681

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

e. Such other and further relief as may be necessary, just and proper.

Dated: September 10, 2020

Respectfully submitted,

/s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com